UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH MCQUILLIAMS, | CASE NO. C25-1446JLR |
| Plaintiff, | ORDER |
| v. | |
| GREGORY I'AMANU, | |
| Defendant. | |

Before the court is a stipulated motion to extend the deadlines for disclosure of expert testimony, discovery motions, and discovery completion.  (Mot. (Dkt. # 21); *see also* Sched. Order (Dkt. # 12).)  The parties assert that good cause exists to grant the motion because of Defendant Gregory I'Amanu's unavailability due to an unforeseen military deployment (*see generally* I'Amanu Not. of Unavailability (Dkt. # 20)), and Plaintiff's counsel's upcoming maternity leave (*see generally* Freidenberg-McBride Not. of Unavailability (Dkt. # 16)).  (Mot. at 1-2.)

//

ORDER - 1

On January 6, 2026, the court entered a scheduling order in this matter setting the following deadlines: disclosure of expert testimony on February 2, 2027; motions related to discovery on March 4, 2027; completion of discovery on April 5, 2027; all dispositive motions and motions challenging expert witness testimony on May 3, 2027; and the jury trial on August 16, 2027.  (*See generally* Sched. Order.)  The scheduling order also provides that the case schedule may be modified "only upon good cause shown[,]" and not simply by agreement of counsel or parties.  (*Id.* at 2); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  "Good cause" focuses on the diligence of the party seeking to modify the scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Therefore, the party must demonstrate that it could not meet the deadline imposed by the scheduling order despite its diligence.  *Id.*

Here, the court concludes that good cause exists to amend the deadlines set in the scheduling order.  The parties' proposed extensions, however, would delay the deadline for discovery until May 24, 2027, which is after the current May 3, 2027 deadline for dispositive motions.  (Mot. at 1; Sched. Order at 1.)  As a general matter, the court sets the discovery cutoff approximately 30 days prior to the deadline for filing dispositive motions to ensure that the court has before it a complete record when it considers a motion that could potentially dispose of the case.  Such a delay in completing discovery could result in the parties being required to file dispositive motions on less than a complete record.  Furthermore, the schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date.  Anything short of a 90-day

ORDER - 2

period leaves inadequate time for the parties to consider the court's ruling and plan for trial or an alternate resolution. Accordingly, the court DENIES the parties' motion (Dkt. # 21).

The court is willing, however, to consider moving the trial date to the end of its trial calendar. The parties should be aware that the court is currently scheduling trials in January 2028. If the court moves this matter, it will issue a new scheduling order that resets the disclosure of expert testimony, discovery motions, discovery completion deadline and all subsequent pretrial deadlines. If the parties wish to seek this relief, they should file a stipulated motion to that effect.

Dated this  21st  day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 3